United States Court of Appeals for the 11th Circuit Hear ye, hear ye, hear ye The United States Court of Appeals for the 11th Circuit is now open according to law God save the United States and this Honorable Court Good morning, this is Beverly Martin We are glad to be with you today and appreciate your adaptability in appearing by telephone Judge Newsom and I have been delighted this week to sit with Judge Baldock who sits in the 10th Circuit Judge Baldock is a friend to the Circuit and a friend to me and I always enjoy being with him I'm just sorry it couldn't be in person, Judge Baldock He gets extra credit this morning because it's just about to turn 7 a.m. where he is so we appreciate you getting up early this morning, Judge Baldock Thank you, Judge For counsel, I've asked Ms. Tisa to let you know when you're two minutes from the end of your argument time and she will repeat it twice because sometimes it's hard to hear the first time and she'll also let you know when your time has expired In our instructions to you we would give you two minutes of uninterrupted argument to begin so with that I think we're ready to get underway with the United States of America v. Corey Pearson Good morning Good morning Good morning, this is Anna DeVete I am the attorney for appellant Corey Pearson May I proceed? You may Thank you Good morning Today I will be concentrating on issue one of my brief That issue distinctly deals with the court's failure to grant a motion for mistrial after a 22-day hiatus or separation of jury because of a natural disaster therefore denying my client his due process rights I'd like to advise the court first and foremost that this is a case of first impression in the circuit I want to take about a moment to just go over very quickly the chronological order of the things that happened in this case because I think that is very important This case began and after four days of trial on September 6th in anticipation of the impending hurricane Hurricane Irene The defense attorney in conjunction with the government both requested that the court jointly recess the trial for that day due to the impending hurricane and the problems with travel and the lack of gas and the preparation of their home Hurricane Irma did hit South Florida as it continued up the northeast further hitting New York and New Jersey There was catastrophic injury There was death There was lack of electricity to more than 70% of the homes On September 13th the defense attorney, Mr. Stein quite diligently wrote an email to the court administrator advising, updating of his situation and advising of the court that there was substantial damage to his home and that he had some sort of limited availability at that point It is important to note that during this time the court is closed Dade County Public Schools are closed The court is open according to the schedule of Dade County Schools The society or the community at large is dealing with the impact of this hurricane On September 15th, two days later without any further correspondence to any of the attorneys the circuit court judge recessed the trial through September 25th The district court judge convened the trial on September 25th At this point, 19 days had passed and the hurricane, while it had already passed there were still devastating effects from it On September 25th, the lawyers went into trial and there were two jurors from the panel that had left the country At this time, the court discussed the lack of these two jurors and gave the attorneys an option to proceed At that time, at the first opportunity to address the court defense counsel Stein moved for a mistrial He moved for a mistrial on a multitude of reasons but because of the impact of these natural occurrence and he also moved for a mistrial because of the time frame that had passed and the external forces that the juries had been impacted with He further asked the court to consider questioning each and every juror as to what impact this hurricane had had on their lives and whether they could concentrate on this trial and whether or not Mr. Pearson's due process rights were being violated After argument on both sides, the court denied the defense's motion for a mistrial and subsequent to that, the trial was resumed two days later when the jurors arrived back It is important to note, Judge, that the court was unable to go forward on September 26th So our position, Judge, is that due to the fact that the court failed to grant the mistrial Mr. Pearson's rights were violated and therefore the mistrial was inappropriately denied by the court So this is Judge Newsom. Can I just ask you Give us your best case. What's your best case to demonstrate that the district court You know, typically we give district courts a lot of leeway in the management of their own cases and dockets What's your best case to show us that the district court have used its discretion? Well, Judge, on this specific incident, a careful search of all of the different cases and every different circuit only developed three separate cases on this issue The most important, and I believe the one that the court should consider, is U.S. v. Hayes It is a Ninth Circuit case out of the Ninth Circuit and in that case, they specifically say that the court need not only consider and I want to read from it exactly The court says that, one of the big issues in this is that the court says that that this case had such a, in this case, Judge, I will tell you that it was a 48 day recess of the trial, but it's important what the court determined The court determined that the probability that prejudice would result that it had been deemed inherently lacking in due process warranting relief, regardless of the defendant showing actual prejudice and that is not only considering the length, the complexity of the trial and the threat that the jurors would be exposed to improper outside influences during recess So what this court is basically saying is that you cannot take the days as the only point to consider I think you have to consider it based on the totality of the circumstances It's not a finite number, it's not 21 days, 20 days You need to consider it based on the time frame that has passed and the complexity of the trial and I will tell the court that even though this was a short trial prior to the motion for mistrial the jury had heard from 19 witnesses and 148 exhibits had been presented Subsequent to the mistrial, they heard from an agent, a quote-unquote summary witness and another 50 exhibits had been introduced So I think if the court considers the complexity, which it is defense's position that this case was definitely a complex case and the outside influence of what was going on in this community as a whole you need to consider that prejudice is something that can be implied and therefore the due process of my client was violated I think the difficulty for you, at least in my mind, is that your best case is an out-of-circuit decision that in all respects seems more extreme than this one As you say, not to get too formalistic about it, but 48 days is against 22 and in that case, the trial had proceeded for four months, right? Before the recess, and this one had proceeded for four days Right, Judge, but if you look at the other... Two minutes, counsel, two minutes, please Okay Judge, what is going on, Judge, is because mistrial there's only three cases on this specific issue so this is not a case where we have a lot of different cases that I can unfortunately rely upon and I think one of the reasons for that is because usually courts, I mean, this is not the first case where a natural occurrence or something of extraordinary magnitude has happened during a trial I think that courts consider the magnitude of the reason for the delay and grant mistrials So the example that you have is one that is 48 days which is quite extreme but you also have that court specifically saying that you need to look at the external forces I don't think there's any higher external forces than that that occurred during a hurricane and the impact on the community Coupled with the fact that during jury selection you spend a significant amount of time inquiring with your jury if there is anything that is of significant importance that it impacts the juror's ability to be impartial during the trial because this, beyond a doubt, is the most important day in Mr. Pearson's life and his rights have to be protected What happens is that this judge, unfortunately, even after asked by the defense never goes back and inquires Listen, Mr. Smith, listen, Mr. Perez How were you impacted? Were you displaced because of the hurricane? Do you even have electricity in your home? Have one of your family members been injured? None of that is really existing So if you consider the impact that this natural disaster has had on the jury and the extent to which it was delayed you have to consider that the client's due process rights are being violated because of that And that's why I started my argument by telling you that this is a case of first impression and it's a different sort of case because it makes the court consider this isn't a case where you have, unfortunately, a lawyer that gets sick or one specific person that gets sick This is a case where prejudice is quite probable, if not possible because of what is going on in the lives of everybody not only the attorneys, the jurors, everybody that is involved and that, I think, is an implied prejudice An implied prejudice Thank you Please reserve five minutes for rebuttal Good morning, Your Honors Andrea Hoffman, may I please record Andrea Hoffman on behalf of the United States Your Honors, I'm going to I'm going to move directly to the issue of mistrial and please feel free to interrupt me even during the initial two minutes if you have a specific question As to the question of mistrial in this case, the totality of the circumstances kind of argument that defense counsel was just making the key issue to that would be balancing the factors that are in that particular trial, such as the time and the potential prejudice to the defendant The jurors, in this case, were told before they left the proceeding that the court would be if there's any damage that will cause you to be unable to come to court This is on September 5th the day before the adjournment is implemented at page 170 on docket entry 202 The court, in speaking with the jurors and giving them an advance warning that they are paying attention to this impending hurricane informs them that they are not excused that they are still in the middle of the trial that the court will be working with the jurors' schedules and that if there is damage that will cause you not to be able to come to court we will certainly assess that at the time In this circumstance, when the discussions are occurring on September 24th, 5th, excuse me the court did, in fact, speak with the jurors to see what their schedules were because they had proceeded to trial in a timeframe that they thought they would be completed roughly around the week that they adjourned So, being in trial at the end of the month of September as all of you are more than well aware the courts probably didn't inquire to what people's conflicts and difficulties and schedules were through the entirety of the month of September But at the time that the court made the decision to proceed on the 27th instead of the 25th they did, in fact, make that inquiry So, if jurors had been under some extensive and pending difficulties they had the opportunity, courtesy of the hurricane they had the opportunity to present that information to the court and none of the jurors told the court that they were unavailable or unable to proceed Ms. Hoffman, this is Beverly Martin I think I'm right that the two jurors that had been out of the country were back in the jury box on the 27th Is that right? You are entirely correct, Your Honor that all original 15 jurors that began this case were present for the remaining days up until the time of deliberation when they excused the three alternates So, the defendant received his original jury completed his trial with his original jury and received a verdict from his original jury One of the issues that was briefed in this case is the question of invited error and clearly it is the cardinal principle in appellate review that a party may not challenge as error a ruling that that party invited or induced to occur and I don't mean to suggest that defense counsel in any form induced a hurricane but defense counsel's statement on the first day that he asked for the adjournment was, in fact, considerably broader than defense counsel just alluded to He didn't ask for an adjournment of that day He asked for an adjournment of until whenever or wherever they can return depending on whatever this occurs He was openly telling the court we need to stop until such time as this hurricane has passed and we can assess where we're all at That started on the 6th He had, in fact, begun the issue on the 5th The reason they had the discussion I just summarized to the court on the 5th was because defense counsel had brought the issue to the court's attention on the 5th At the conclusion of trial on September 5th they had already been adjourned for the 7th and the 8th which would have been Thursday and Friday of that given week So they were coming back in for a Wednesday day of proceedings when defense counsel asked for an adjournment until whenever or whatever or whenever this entire thing, the hurricane, was completed and defense counsel then is the one who informs the court that he would continue to have extremely limited availability on the 13th When the court issued its order on the 15th there was no objection from defense counsel to any abridgement of their client's rights in the delay until the 25th and as the cases, particularly US v. Love the 2006 case from this court states the failure to object later to a ruling that has been a result of actions you have taken during the course of the trial would be a classic example of an invited error As to the question of prejudice here as Judge Newsom alluded the district court is ordinarily by far in the best position to assess the circumstances for whether a mistrial should or shouldn't be granted and I will agree that ordinarily mistrial issues come up in the question of something unexpected that happened in that trial something that happened in the courtroom somebody's particular unavailability Those are the more typical cases of a mistrial request In this circumstance, though this judge is clearly one of the best positions to determine what has been the impact of a hurricane in its community What is the restoration of power, for example a factor that the court took into consideration when it extended the time of the trial and what are the circumstances that are facing the members of the community that are being asked to decide this very important issue and based on an analysis of their personal experience with this hurricane and their personal situation of being present to watching how this trial played out what kind of witnesses had come in what kind of evidence had been presented and what is left to go with the trial this court found that there was not prejudice to the defendant's right and part of that is true because the court is able to give curative instructions to the key concerns that the defense raised about what could cause prejudice For example, the question of the consideration of evidence The court in its jury instructions not once, but three times on pages, docket entry 269 at pages 124, 126, and 128 this court three times told the jury that it must consider all of the evidence in the case which means every one of the seven aggravated identity theft witnesses who testified before the hiatus courtesy of Hurricane Irma and as well as all of the conglomerate of evidence that came in related to those counts and those frauds that were enacted in the course of this scheme so the jury is presumed absent clear evidence to the contrary to have been able to have followed the court's instructions they were also instructed instructed at page 139 of that same docket entry to consider each count separately and the evidence as to each count separately and we have clear evidence that the jury did such because they in fact acquitted on two of the 32 counts that were ultimately presented to them for their jury deliberation so in this case we have the unique opportunity of learning that the jury could and did follow the court's instructions and that they could and did consider the individualized evidence presented across the span of this case we know that the court brought them back in and polled them on the 25th of September as to whether they would be available and able to sit in trial on the 27th and the 29th and potentially as did end up happening on October 2nd as they were seeking to figure out how to proceed with this up to 15 jurors in a jury pool none of the jurors expressed a problem with proceeding be it a work conflict a personal conflict such as catastrophic impact from this hurricane so we are in an opportunity to know that the court in fact made the correct decision Ms. Hoffman this is Beverly Martin while I've got you I was wondering if I could ask you a question about one of the other issues in the case Burton your honor I've read so many briefs for this week I just want to make sure I've got this right can you walk me through exactly how the agents got Mr. Pearson's Drake password and also I was kind of interested in what information they got from the search of those files to the extent that you had time to talk about it your honor as to the Drake password it is my understanding that the I apologize I couldn't give you a site to this but I believe there's it has to be the recessoronia trial that the agents contacted Drake who has the equivalent of a backdoor password built into its system so that should something happen that you can get into the system externally and I believe they received that backdoor password from Drake which was anticipated in the warrant which gave the the warrant authorized the use of any technological means to make the forensic examination that it was authorizing including as to passwords so I believe that they didn't in fact have to do a complicated code breaking thing at the password system for the computer your honor Drake was able to provide an alternative backdoor entry to the computer system and under rule 41 where the analysis of having both digital forensic analysis and that particular warrant anticipated that as well so it was in accordance with the the warrant that they contacted Drake great thank you and in terms of excuse me your honor I just realized I didn't answer the second question I believe you're asking me what kind of materials they got from the computer and as to yes the information that they found under the password protected files I can't answer that question with specificity to say to your honor that this sort of evidence was on on password protected portion of the computer and this evidence was under the password protected there's nothing in the record that would delineate that for me so at best I'm going to be making an assumption to the court that the Drake materials that were testified to by I believe a Ms. Vanderpool or Vanpool something of that nature was her name that those materials came under the password protected search but I cannot answer that specifically Drake's system was the methodology by which the returns were forwarded the bulk of the returns went in through the IRS witnesses as I'm thinking about your question your honor I was just thinking if I looked at Ms. Vanderpool's trial transcript so I apologize I'm doing a momentary search for you while I look at her testimony because I may be able to answer that question with slightly more specificity than I just did under Ms. Vanderpool your honor it does not appear from the trial transcript and I'm only doing this based on the trial transcript your honor the court reporter does a itemization of when exhibits are  and I believe there is a bulk exhibit that says Drake software records which is exhibit 73 and that appears to be largely the only exhibit that went in under her testimony and I can't tell you from just the cold record I can figure that out and inform you after the trial transcript but I can't tell you        was in the trial transcript and I can't tell you from the cold record that that was the only exhibit that went in  testimony and I in testimony and I can't